30 F.3d 1281
 93 Ed. Law Rep. 162
 Brian T. SCHILLER, Plaintiff-Appellant,
v.
Nancy MOORE, individually and as superintendent of Park City
School District, and Park City School District, by
and through its Board of Education,
Defendants-Appellees.
 No. 93-4039.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1994.
 
 Erik Strindberg (Martha S. Stonebrook, with him on the briefs), of Cohne, Rappaport & Segal, Salt Lake City, UT, for plaintiff-appellant.
 Brent A. Burnett, Asst. Atty. Gen. (Jan Graham, Atty. Gen., with him on the brief), Salt Lake City, UT, for defendants-appellees.
 Before MOORE and SETH, Circuit Judges, and DAUGHERTY, District Judge*.
 SETH, Circuit Judge.
 
 
 1
 Appellant Brian T. Schiller appeals from the decision of the United States District Court for the District of Utah granting summary judgment in favor of Appellees Nancy Moore and the Park City School District Board of Education. We VACATE and REMAND.
 
 
 2
 Appellant was a principal at one of the four public schools in the Park City School District ("District"). In early 1992 Appellee Nancy Moore, Superintendent of the District, proposed a reorganization scheme for the District whereby (1) Appellant would be transferred to the position of vice-principal at another school in the District, (2) an elementary school principal would be transferred to an administrative position, (3) the District's assistant superintendent would become a teacher, and (4) the vice-principal position at Appellant's current school would be eliminated and the vice-principal would not be transferred to a new job. Appellant, along with another principal from the District, met privately with the Board of Education ("Board") and voiced his opposition to the proposed changes.
 
 
 3
 After some correspondence between Appellant and Superintendent Moore, Appellant was placed on probation. It appears that about this time Appellant made public statements concerning his status and perhaps made additional statements concerning the reorganization plan in general. Appellant unsuccessfully pursued two grievances against Superintendent Moore. Following some additional correspondence and oral communication, Appellant resigned.
 
 
 4
 Thereafter, Appellant filed a civil rights action in district court claiming that his probation and constructive discharge violated his First Amendment right to free speech, his right to due process and state law. Treating Appellees' motion to dismiss as one for summary judgment, the court held that regarding Appellant's First Amendment claim:
 
 
 5
 "plaintiff's speech was not a matter of public concern protected by the First and Fourteenth Amendments to the Constitution of the United States. The Court is further of the opinion and finds and concludes as a matter of law that, even if plaintiff's speech were a matter of public concern, plaintiff's statements still fail to invoke First Amendment protection under the balancing tests set forth in Pickering v. Board of Education, 391 U.S. 563, [88 S.Ct. 1731, 20 L.Ed.2d 811] (1968). Accordingly, the First Cause of Action is dismissed with prejudice and on the merits."
 
 
 6
 Order and Judgment, p. 2. Since Appellant has abandoned his due process and state law claims, we are only concerned on appeal with the trial court's ruling on the First Amendment claim.
 
 
 7
 We review a district court's grant of summary judgment de novo, applying the same legal standards as utilized by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.). Furthermore, summary judgment is appropriate only when there is no genuine dispute concerning a material fact and the moving party is entitled to a judgment as a matter of law, yet the record must be viewed in a light most favorable to the non-moving party. Baker v. Pennsylvania Mutual Life Ins. Co., 788 F.2d 650, 653 (10th Cir.).
 
 
 8
 In Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811, the Supreme Court devised a balancing test in which we are to weigh the "interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Id. at 568, 88 S.Ct. at 1734-35. Even though the Appellant was a principal not a teacher, the parties contend that this is the applicable legal standard. We agree since a principal is sufficiently analogous to a teacher for purposes of First Amendment review.
 
 
 9
 Under the Pickering analysis, the first material question is whether Appellant's speech related to a matter of public concern. See Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708. It is undeniable that Appellant's speech in part concerned his private employment grievance over his proposed transfer and demotion to vice-principal. However, it does not appear possible at this point to conclusively determine whether the comments made by Appellant did not also involve matters of public concern. The record reflects that Appellant made numerous statements pertaining to Superintendent Moore's proposed reorganization in general and opined that the reorganization is not in the best interest of the District. Appellant has also cited numerous cases, as well as attaching several affidavits, supporting his contention that speech touches on public concerns when a principal makes statements in a community the size of Park City on such topics as a school district's reorganization and the transfer of other school employees. Morfin v. Albuquerque Public Sch., 906 F.2d 1434 (10th Cir.); Copp v. Unified Sch. Dist. No. 501, 882 F.2d 1547 (10th Cir.); Piver v. Pender County Bd. of Educ., 835 F.2d 1076 (4th Cir.); Wren v. Spurlock, 798 F.2d 1313 (10th Cir.); Cox v. Dardanelle Pub. Sch. Dist., 790 F.2d 668 (8th Cir.). At a minimum, these assertions create a genuine dispute as to whether or not Appellant was engaging in speech involving public concern.
 
 
 10
 Since the district court held in the alternative that Appellant failed to satisfy the Pickering balancing test, we must also determine whether his interest in making his comments, assuming they concerned public matters, outweighs the Appellees' interest in administrative economy. Appellees would have us fashion a per se rule that if a Superintendent subjectively perceived a principal's exercise of free speech as subversive and disruptive, then Appellees' interest in harmonious, efficient administration necessarily outweighs the principal's interest. We are unwilling to make such a rule as the obvious consequence would be to unjustly chill constitutionally protected free speech.
 
 
 11
 We think the required analysis, and the one that is in accordance with Pickering, is to balance objective factual determinations concerning a principal's interest in making certain comments and the related public interest in those comments on the one side versus an employer's reasonable conclusions as to the actual consequences of the comments on the effective administration of the school district. See also Waters v. Churchill, --- U.S. ----, 114 S.Ct. 1878, 120 L.Ed.2d 686 (balancing test weighs the government employee's interest in commenting on issues of public concern against the employer's reasonable conclusions regarding efficient administrative decision-making). While it is true that we review the district court's decision de novo, it is not appropriate for us to make factual findings on appeal. Rather, we merely review the court's findings under the appropriate standard. To do otherwise would abrogate one of the trial court's primary functions, i.e., to be the fact finder. Unfortunately, we are faced with the court's opinion being silent on the basic underlying facts or legal reasoning that it employed to find that Appellant's interest did not outweigh Appellees'. Consequently, we are unable at this time to render an informed and well-reasoned decision on the merits of the parties' claims.
 
 
 12
 However, we do note that after reviewing the record on appeal, it does not appear that any of the parties have made a particularly strong showing as to their relative interests. Appellant's claims seem much more concerned with his personal employment dispute than with the well-being of the District as a whole. On the opposite side of the coin, Superintendent Moore has not made much of a showing that Appellant's conduct negatively impacted on her ability to maintain the integrity of the District school system or on Appellant's ability to professionally perform his job as a subordinate to Superintendent Moore.
 
 
 13
 Simply put, all of the arguments posited by the parties are based on facts not developed in the record and remain disputed. Summary judgment was inappropriate.
 
 
 14
 Accordingly, the decision of the district court is VACATED and the case is REMANDED for further proceedings.
 
 
 
 *
 Honorable Frederick A. Daugherty, United States District Judge for the Western, Northern, and Eastern Districts of Oklahoma, sitting by designation